BRAUNSTEIN et al. v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

CARRIERS (§ 94*)—CARRIAGE OF GOODS—EVIDENCE—DELIVERY TO CARRIER.

In an action for the value of goods delivered to a carrier for transportation, where the only evidence of delivery was a duplicate receipt, which a truckman for plaintiffs testified was given him after the loss of the original receipt, by some unidentified person at the carrier's dock, and which was stamped, but not written upon, there can be no recovery, since there is no evidence that the person who issued the duplicate receipt was an authorized agent of the carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 367–395, 456; Dec. Dig. § 94.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel Braunstein and another against the New York Central & Hudson River Railroad Company. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial granted.

Argued October term, 1914, before SEABURY, BIJUR, and CO-HALAN, JJ.

Alexander S. Lyman, of New York City (Jacob Aronson, of New York City, of counsel), for appellant.

Kheel & Orenstein, of New York City (Henry M. Orenstein, of New York City, of counsel), for respondents.

BIJUR, J. Plaintiffs sued to recover the value of a case of goods alleged to have been delivered to defendant at its Barclay Street pier for transportation to Chicago.

The only proof of delivery of the goods to defendant was a duplicate receipt or invoice, which plaintiffs' trucking contractor testified he had obtained at defendant's pier a week or more after the case had been delivered there. He explained that the receipt first alleged to have been received had been lost. Thereupon he went to the pier and some one in the office looked the matter up in a book, returned to him, and gave him this duplicate receipt, which is stamped with a rubber stamp, without any writing thereon.

Testimony on behalf of the defendant—indicating that the particular stamp used on this receipt was employed only for another purpose, and that it was never used without a signature and other evidence of a like character—need not be adverted to, since it is evident that the defendant cannot be bound by the admission of an unidentified person supposedly in his employ in some indefinite capacity.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.